UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BELINDA L. CARTER, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:08-CV-048 RM |
| CINDY MILLER, *et al.*, | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Belinda Miller, a prisoner confined at the Rockville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that St. Joseph County Jail officials violated her federally protected rights while she was confined there. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived her of a federal right [and] . . . he must allege that the person who has deprived her of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive

and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases her claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Ms. Carter brings her action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the

United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Ms. Carter alleges that on October 11, 2007, Custody Officer Cindy Miller gave her a pair of shoes and a uniform that were too large, even though the jail had smaller sizes of clothing in stock. According to the complaint, the oversized shoes and clothing caused her to fall down a flight of stairs three days later, causing severe injuries. Ms. Carter alleges that because Custody Officers Mary Fahey and Norma Coleman were not at their posts, she lay for several minutes without help after she fell down the stairs. Other inmates notified officers that she had fallen, and the jail sent her to the emergency room. At the emergency room, she was examined and treated at a cost of $8,000.00. She alleges that after she returned to the jail, Doctor Vincent Henderson and Nurse Maralee saw her but didn't follow the medical oath of ethics to provide her with the best possible care.

Ms. Carter seeks damages for conditions of confinement she endured at the St. Joseph County Jail while confined there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause

3

consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Gil v. Reed, 381 F.3d 649, 664 (7th Cir. 2004).

Ms. Carter alleges she injured herself when she slipped and fell down a set of stairs because Officer Miller gave her clothing and shoes that didn't fit properly. The complaint alleges that Officer Miller was "neglectful in assuring that I . . . received [a] proper uniform." (Complaint at p. 4). "Plaintiff sustained the fall down 20 stairs due to Deputy Cindy Miller's negligence." (Complaint at p. 5).

Section 1983 was intended to protect only rights guaranteed by federal law, and not to create tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d. 841, 849 (4th Cir. 1985). "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, McNeil must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for McNeil's welfare in the face of serious risks." McNeil v. Lane,  16 F.3d 123, 124 (7th Cir. 1994) (citations omitted.); see also Reynolds v. Powell, 370 F.3d 1028, (10th Cir. 2004) (That

prison officials allow a pool of water to collect on the floor does not constitute obduracy and wantonness on their part, or pose a serious risk to prisoners' welfare. "Slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.").

Officer Miller might have been negligent, as Ms. Carter asserts, in not ensuring that she received properly fitting clothing. But, as in McNeil v. Lane, this states no claim upon which relief can be granted. Ms. Carter's allegations that Officer Miller gave her clothing that was too large "are insufficient to establish that the defendants acted maliciously, intending to punish or injure" her. *Id.* at 124. That Ms. Carter states no claim under § 1983 does not mean she has no legal remedies for Officer Miller's alleged negligence. The Indiana tort claims act, IND. CODE § 34-13-3, provides a sufficient remedy for tort injuries, Wilson v. Civil Township of Clayton, 839 F.2d 375 (7th Cir. 1988), and Indiana prisoners may sue municipal officials for injuries resulting from their negligence after filing a notice of tort claim pursuant to the Indiana Tort Claims Act.

Ms. Carter alleges that Officers Fahey and Coleman were assigned to the command post near the stairs she fell down. She alleges these officers violated her rights by "being neglectful to following safety procedures set forth by the St. Joseph County Jail" (Complaint at p. 6) because they weren't at their post and in a position to see that she had fallen down the stairs. According to the compliant, other inmates told officers that Ms. Carter had been hurt and assistance arrived within minutes.

Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. Billman v. Indiana Department of Correction, 56 F.3d 785 (7th Cir. 1995). She

5

must show "something approaching a total unconcern for her welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting* Farmer v. Brennan, 511 U.S. at 837-838. Officers Fahey and Coleman might have been negligent in not being at their post when Ms. Carter fell, but their actions fell far short of the sort of deliberate indifference necessary to create liability under § 1983.

After she returned from the emergency room, jail medical staff members took over treatment for the injuries Ms. Carter received when she fell down the stairs. Ms. Carter alleges that Nurse Marlene didn't provide her with the best care possible, and didn't follow the St. Joseph County Medical Care Guide when she did not follow "procedures in testing me . . . For MRSA." (Complaint at p 9.). Methicillin-resistant Staphylococcus Aureus ["MRSA"] is an infection that is resistant to normal antibiotics. Ms. Carter alleges that after she fell, Nurse Marlene did not order cultures or take other steps to see if she had MRSA, and did not remove her from population until the cultures came back.

That Nurse Marlene might not have followed jail policy by not testing Ms. Carter for MRSA states no claim under § 1983. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States. West v. Atkins, 487 U.S. 42 (1988). Moreover, Ms. Carter does not allege that she contracted MRSA at the jail or that he suffered any other actual harm from the Nurse Marlene's failure to test her for MRSA. Fear of an injury that did not occur states no claim upon which relief

6

can be granted. See Doe v. Welborn, 110 F.3d 520, 523-524 (7th Cir. 1997).

Finally, Ms. Carter alleges that Dr. Henderson violated her rights by not providing her "the best medical care deemed necessary." (Complaint at p. 11). According to the complaint, Ms. Carter complained to Dr. Henderson that after she fell down the stars she had no feeling in her left and and had a lack of feeling, numbness, and tingling sensation in her right leg. She states that Dr. Henderson looked at her medical records from the emergency room, examined her by "eyesight," and told her that she had pinched nerves that would heal themselves. Ms. Carter asserts that Dr. Henderson "could have made a referral to a specialist to in fact see if it is a pinched nerve." (Complaint at p. 13). Ms. Carter also states that she was prescribed pain medication but that it was insufficient and she still felt pain.

Under the Eighth Amendment, it isn't enough to show that a defendant merely failed to act reasonably in examining or treating a patient. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). Moreover, the Eighth Amendment does not entitle a prisoner "to the best care possible."" Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. Estelle v. Gamble, 429 U.S. at 107-108; Wells v. Franzen, 777 F.2d 1258, 1264 (7th Cir. 1985).

That Ms. Carter received pain medication, and that Dr. Henderson examined Ms. Carter and her medical records to diagnose her complaints of numbness and tingling establishes a lack of deliberate indifference even if he was wrong in concluding that her

7

problem would resolve itself best without intervention. That Dr. Henderson may have refused to refer her to see a specialist for another opinion did not constitute deliberate indifference to her serious medical needs.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to the plaintiff's right to refile her negligence claims in state court.

SO ORDERED.

ENTERED: July  31 , 2008

>     /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court